414 P.2d 712

**STATE of Utah, Plaintiff and Respondent,**

**v.**

**Merlyn Clegg STARLEY, Defendant and Appellant.**

**No. 10542.**

Supreme Court of Utah.

June 1, 1966.

19. Twentieth Century-Fox Film Corp. v. Phillips, 76 Ga.App. 825, 47 S.E.2d 183 (1948).

Dave McMullin, Payson, for appellant.

Phil L. Hansen, Atty. Gen., for respondent.

HENRIOD, Chief Justice.

Appeal from a conviction for resisting an officer. Affirmed.

At about 2:00 a. m., defendant, employee of a fruit products company, was sitting in a car with a male companion, student in a beauty college. This was on a lonely dead-end road. Defendant admitted he and his companion had been in the car 20 minutes or more chatting about the opera. A peace officer, lights out, testified he approached defendant's car, and with a full moon observed two acts of perversion indulged by the two men. On questioning the men, it was conceded that defendant squirted a painful liquid repellant in the officer's face, followed by a scuffle, the summoning of two other officers and the jailing of defendant and his friend. Defendant admitted he met his companion casually in Salt Lake City after midnight, offering to drive him home. Neither could quite tell where it was nor whether they had been drinking or how much.

The alleged offenses occurred two or three blocks from his passenger's home, where they stopped to urinate and discuss the opera. Further details and testimony reasonably reflect facts from which the jury easily could have concluded that defendant without cause squirted the officer with the repellant and otherwise resisted arrest,—which the jury did in about an hour of deliberation,—not much longer than the nocturnal discussion about the opera.

The only point on appeal that approaches discussible merit, and the only time when counsel for defendant made any objection, was when the prosecution handed the beauty college student a statement previously signed by him, admitting the events, for the purpose of refreshing his irrecollectible recollection. At this point the trial court permitted the prosecution to pre-

sent the document to the witness to examine it and *refresh his recollection*. Thereafter no objection was made to any questions asked the witness. We consider there was no error here.

█ The usual urgence that the witness signed the statement under duress, was not advised of his constitutional rights, etc. was overwhelmingly controverted in such fashion that any self-respecting jury could, as it did, conclude that some one or more persons' testimony was out in space and consequently weightless.

McDONOUGH, CROCKETT, WADE and CALLISTER, JJ., concur.